## GILFILLEN v HOOVER CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2780.   Decided Oct 30, 1937

Coughlin, Ogier & Lloyd, Columbus, for plaintiff-appellant.

Arnold, Wrignt, Purpus & Harlor, Columbus, for defendant-appellee.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's cause of action against the defendant was predicated on claimed personal injuries caused by an assault and battery upon him by defendant's general manager, alleged to have been acting in the usual course of his employment, and sought damages in the sum of $2500.00. Defendant's amended answer admitted that it was a corporation organized and doing business under the laws of the state of Ohio, and that it maintained an office at 471 East Broad Street, Columbus, Ohio; also admits that plaintiff is an individual and that on March 1st, 1935, E. H. Schaer was in the employ of the defendant. All other allegations of the petition were denied.

As a further defense the defendant averred that at all times referred to in plaintiff's petition plaintiff was an employee of the defendant and that at said times defendant was an employer and was paying a premium provided by the laws of Ohio for the compensaticn of workmen and their dependents and was complying with the provisions of the General Code of Ohio relative to Workmen's Compensation.

The trial was to a jury duly impaneled. At the close of all the testimony upon defendant's motion the trial court directed a verdict for the defendant on the stated ground that under the undisputed evidence the plaintiff at the time of the alleged assault and battery was an employee of the defendant company, and therefore could not maintain his action in tort against the defendant.

Within the statutory period, motion for new trial was filed, and the same being overruled, judgment was entered on the verdict against the plaintiff. This is the final order from which error is prosecuted in this court under plaintiff's appeal on question of law.

In the trial below plaintiff presented evidence tending to support the allegations of his petition. Defendant presented only one witness, being the auditor's statistician at all times connected with the Industrial Commission, and through this witness offered testimony supporting the averments of the amended answer that the defendant was paying premiums provided by law for the compensation of workmen and their dependents and that it was complying with the provisions of the General Code of Ohio relative to Workmen's Compensation.

Plaintiff was interrogated both through his evidence in chief and by cross-examination touching the question as to whether or not at the time of the alleged assault and battery he was an employee of the defendant company. This was the sole and only ground on which the trial court predicated its direction to the jury to return a verdict in favor of the defendant. In his proceeding before us we have presented this single question.

The plaintiff's employment with the defendant company was under a written contract, under the terms of which the plain-

tiff agreed to devote his entire time to the selling of Hoover products in such territory as he might be assigned by the District Manager from time to time. Plaintiff's compensation under the terms of the written contract was exclusively on a commission basis. The contract, among other things, contained the following provisions:

"This agreement, when accompanied by acceptable bond application and when signed by District Manager, approved by Branch Manager, and accepted by the company, shall become effective upon the date stated and shall continue in force for an indefinite period, subject to cancellation at any time by either party without cause. This agreement cancels all previous agreements."

The contract was dated November 20, 1934, and was duly signed by the plaintiff on behalf of himself and approved by the district manager and branch manager for the company. The date of the alleged assault and battery was March 1st, 1935. From the evidence it appears that the bond mentioned in the agreement was given by plaintiff. However, the bond was not introduced in evidence nor was it read into the record so that we would have before us all of its provisions.

We assume that this fact is unimportant. There was reference to certain provisions of the bond during the taking of the evidence and apparently it is admitted that under the provisions of the bond the plaintiff agreed to be responsible for all property of the defendant in his hands and also would relieve the company from all liabilities by reason of any unauthorized conduct while acting as such salesman.

Plaintiff presented evidence in effect that some time during the week previous to the Monday on which the alleged assault occurred, he notified a Mr. Curtiss, who was plaintiff's superior, that he was quitting the employ and would be in the following Monday to "check out." The expression "check out" apparently was understood to mean that he would return to the company all property in his possession belonging to them and give information to the company as to the exact location of all products left by him in the hands of customers. However, plaintiff claimed that the company already had full information through his weekly sales report as to the location of all property in the hands of prospective customers.

The evidence further discloses that on Monday morning plaintiff reported to his immediate superior, Mr. Curtiss, as per his former announcement that he was quitting the service at the end of the previous week. It is also in evidence that plaintiff turned in all property in his possession and then contacted Mr. Curtiss, the latter telling plaintiff that he would have to see the general manager, Mr. Schaer. Plaintiff presented further testimony that it was a rule of the company to have sales meetings on each Monday morning, which all salesmen were expected to attend. Plaintiff did not attend the sales meeting on this particular Monday morning and was not able to see Mr. Curtiss immediately by reason of the fact that he was in said meeting. It was also the custom of Mr. Schaer to attend and preside at the sales meetings.

Plaintiff at the suggestion of Mr. Curtiss went into Mr. Schaer's office, the latter being busy at the time. As soon as plaintiff was able to get his attention, the following conversation took place:

" 'Mr. Schaer, I am going to check out,' and I said, 'I have about nine cleaners planted where in my judgment there is some good opportunities for sales.' 'I was just wondering if they developed into any sales whether you would allow me some commission that resulted from sales'? He (Mr. Schaer) said 'absolutely not'; 'Why do you think you are entitled to commission from them?' I said, 'Well this past month I have made in the neighborhood of from fifty to sixty demonstrations and I have been put to expense to do that and they have only resulted in one sale, the commission amounted to, I think, as near as my memory serves me, about twelve dollars and some cents. . My gasoline bill for the same period of time had exceeded the amount of my commission, and that was my reason for asking Mr. Schaer whether he would not be willing to allow me some commissions resulting from the sales; I asked him whether he would be willing to allow me commissions that might result from those plants, and he absolutely denied me any commission in case there were any sales resulting from those plants and said absolutely not. I offered to go with Mr. Curtiss and show where the cleaners were planted and cooperate with him in an endeavor to make any sales that is possible, and he denied me to allow me any commission on sales that might result from the plant. I said; 'Well, if I can't talk to you I will go back to Curtiss'."

Following this plaintiff says that Schaer began a very severe criticism using profane language and later grabbed him and committed the assault and battery.

Plaintiff further testifies that following the assault that he did go with Mr. Curtiss to the homes of the various customers and that most of the products were picked up by Mr. Curtiss, but a few were left with the customer for further demonstration.

It is the contention of counsel for defendant that under the state of the record it is conclusively shown that plaintiff was an employee of the defendant company at the time of the alleged assault and battery.

After a careful examination of the entire record, we are unable to arrive at this conclusion. It is our conclusion that it was a factual question for the determination of the jury under proper instructions from the court. If the question was properly raised we would be inclined to the view that under the undisputed facts presented in the record that the plaintiff was not an employee at the time of the alleged assault. However, this question is not raised and we will go no farther than the claim made by counsel for the plaintiff. It is only due to the fact that the case will be remanded for a new trial that we made the above observation. We can not agree that as a matter of law the plaintiff was in the employ of the defendant company until such time as he had completed his check out. Furthermore, the evidence as presented will bear the inference and the jury might find that he had completed his check out before the alleged assault and battery. It is hard to understand how Mr. Schaer would deny the plaintiff the right of commission if he was still an employee. Neither can it be understood how plaintiff would be inquiring about allowance of commission if he considered himself at the time an employee. The right to commission arose under the contract so long as he was working for the company. A fair inference is that he was seeking these commissions not by reason of his contract, but as a favor by reason of his work in making the demonstrations. The written contract expressly provided that it might be cancelled at any time by either party without cause. Plaintiff gave notice in no unmistakable terms and the general manager certainly so understood it. The contract made no provision for a 'check out,' and the mere fact that plaintiff did so do would not under the other evidence presented, constitute as a matter of law a continuation of the employment.

The judgment of the trial court will be reversed and cause remanded for new trial. An entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.